IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL BROOMER, | § | |
| | § | |
| Defendant Below, | § | No. 420, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1504010863A (N) |
| | § | |
| Appellee. | § | |

Submitted: March 15, 2023
Decided:    April 24, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief and motion to appoint counsel, the appellee's motion to affirm, and the record on appeal,[1] we conclude that the judgment below should be affirmed on the basis of the Superior Court's order, dated October 28, 2022, summarily dismissing the appellant's second motion for postconviction relief. The appellant, Michael Broomer, clarifies on appeal that he challenges the effectiveness of his postconviction counsel, but he still failed to plead with particularity new evidence creating a strong inference of actual innocence[2] or a

---

[1] The amended opening brief filed after the motion to affirm is not properly before this Court, but in any event would not change the outcome of this appeal.
[2] Super. Cr. Crim R. 61(d)(2)(i).

new, retroactive rule of constitutional law rendering his convictions invalid.[3]  Nor has Broomer asserted any claim that the Superior Court lacked jurisdiction.[4] Broomer's motion for appointment of counsel is denied as moot.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, the judgment of the Superior Court is AFFIRMED, and the motion for appointment of counsel is denied as MOOT.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] Super. Ct. Crim. R. 61(d)(2)(ii).
[4] Super. Ct. Crim. R. 61(i)(5).